GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
JOSEPH O. JOHNS
Assistant United States Attorney
Chief, Environmental Crimes Section
California Bar Number: California Bar No. 144524
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4536
    Facsimile: (213) 534-4300
    Email: joseph.johns@usdoj.gov

Attorney for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>JUN SANG KIM,<br>EDWARD DENTON FISHER,<br>PERFECTO LUCAS AGUILAR, and<br>J.S. COMPANY, INC., a<br>California Corporation,<br>doing business as 4 Wheel<br>Specialties Unlimited,<br><br>        Defendants. | ) CR No. 09-988-GAF<br>)<br>) <u>PLEA AGREEMENT FOR DEFENDANT</u><br>) <u>JUN SANG KIM</u><br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

    1.   This constitutes the plea agreement between JUN SANG KIM ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

<u>PLEA TO INFORMATION</u>

    2.   Defendant agrees to plead guilty to the single Class A misdemeanor charge set forth in <u>United States v. Jun Sang Kim, et al.</u>, Case No. CR-09-988-GAF.

1

## NATURE OF THE OFFENSE

2    3.   In order for defendant to be guilty of Misbranding a
3  Drug While the Drug is Held for Sale After Shipment in Interstate
4  Commerce, in violation of Title 21, United States Code, Sections
5  331(k) and 333(a)(1), the following must be true: (1) defendant
6  dispensed a prescription drug, namely, nitrous oxide; (2) without
7  a prescription; (3) the prescription drug or its manufacturing
8  components were shipped in interstate commerce.  Defendant admits
9  that defendant is, in fact, guilty of this offense as described
10 in the single count information.

11

## PENALTIES

12    4.   The statutory maximum sentence that the Court can impose
13 for a violation of  21, United States Code, Sections 331(k) and
14 333(a)(1) is: one year imprisonment; a one-year period of
15 supervised release or five years of probation; a fine of $100,000
16 or twice the gross gain or gross loss resulting from the offense,
17 whichever is greatest; and a mandatory special assessment of $25.

18    5.   Supervised release is a period of time following
19 imprisonment during which defendant will be subject to various
20 restrictions and requirements.  Defendant understands that if
21 defendant violates one or more of the conditions of any
22 supervised release imposed, defendant may be returned to prison
23 for all or part of the term of supervised release, which could
24 result in defendant serving a total term of imprisonment greater
25 than the statutory maximum stated above.

26    6.   Defendant further understands that the conviction in
27 this case may subject defendant to various collateral
28 consequences, including but not limited to, deportation,

2

revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

### FACTUAL BASIS

7.   Defendant and the USAO agree and stipulate to the statement of facts provided below.  This statement of facts includes facts sufficient to support a plea (or pleas) of guilty to the charges described in this agreement and to establish the sentencing guideline factors set forth in paragraph 11 below.  It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to defendant that relate to that conduct.

> J.S. Company, Inc., doing business as 4 Wheel Specialties, Inc., operates an automotive retail parts, supply, modification, and repair service business located at 9441 Sepulveda Boulevard, North Hills, California.  JUN SANG KIM ("defendant") is the owner and operator of 4 Wheel Specialties.  On or about April 4, 2009, defendant sold and dispensed the prescription drug nitrous oxide without a prescription, thereby causing the prescription drug to be misbranded.  Prior to receipt and sale by defendant, the nitrous oxide was shipped in interstate commerce and manufactured from chemical components and materials shipped in interstate commerce.  Defendant's actions thereby caused the prescription drug to be misbranded after shipment in interstate commerce.

> Nitrous oxide is used legally as an inhalant gas for anesthetic or analgesic therapy, but is also abused as a recreational drug.  Because of its toxicity and other potentiality for harmful effect, nitrous oxide can only be dispensed by prescription.  The use of nitrous oxide has been associated with symptoms such as slurred speech, difficulty in maintaining balance or walking, slow responsiveness, immunity to stimuli such as pain and loud noises, lapses into unconsciousness, and death by asphyxiation.

3

1          <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

2          8.   By pleading guilty, defendant gives up the

3    following rights:

4          a) The right to persist in a plea of not guilty.

5          b) The right to a speedy and public trial by jury.

6          c) The right to the assistance of legal counsel at

7    trial, including the right to have the Court appoint counsel for

8    defendant for the purpose of representation at trial.   (In this

9    regard, defendant understands that, despite his plea of guilty,

10   he retains the right to be represented by counsel – and, if

11   necessary, to have the court appoint counsel if defendant cannot

12   afford counsel – at every other stage of the proceedings.)

13         d)   The right to be presumed innocent and to have the

14   burden of proof placed on the government to prove defendant

15   guilty beyond a reasonable doubt.

16         e)   The right to confront and cross-examine witnesses

17   against defendant.

18         f)   The right, if defendant wished, to testify on

19   defendant's own behalf and present evidence in opposition to the

20   charges, including the right to call witnesses and to subpoena

21   those witnesses to testify.

22         g) The right not to be compelled to testify, and, if

23   defendant chose not to testify or present evidence, to have that

24   choice not be used against defendant.

25       By pleading guilty, defendant also gives up any and all

26   rights to pursue any affirmative defenses, Fourth Amendment or

27   Fifth Amendment claims, and other pretrial motions that have been

28   filed or could be filed.

4

1                          SENTENCING FACTORS

2        9.   Defendant understands that the Court is required to

3   consider the United States Sentencing Guidelines ("U.S.S.G." or

4   "Sentencing Guidelines") among other factors in determining

5   defendant's sentence.  Defendant understands that the Sentencing

6   Guidelines are only advisory, and that after considering the

7   Sentencing Guidelines, the Court may be free to exercise its

8   discretion to impose any reasonable sentence up to the maximum

9   set by statute for the crimes of conviction.

10     TOTAL OFFENSE LEVEL/NO ADDITIONAL ADJUSTMENTS APPLY

11       10.   Defendant and the USAO agree and stipulate to the

12  following applicable sentencing guideline factors:

13       Base Offense Level  :     6     [U.S.S.G. § 2N2.1(a)]

14       Acceptance of
         Responsibility      :    -2     [U.S.S.G. §3E1.1]
15

16       Total Offense Level :     4

17  Subject to paragraph 13, defendant and the USAO agree not to

18  seek, argue, or suggest in any way, either orally or in writing,

19  that any other specific offense characteristics, adjustments or

20  departures, from either the applicable Offense Level or Criminal

21  History Category, be imposed.  If, however, after signing this

22  agreement but prior to sentencing, defendant were to commit an

23  act, or the USAO were to discover a previously  undiscovered act

24  committed by defendant prior to signing this agreement, which

25  act, in the judgment of the USAO, constituted obstruction of

26  justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be

27  free to seek the enhancement set forth in that section.

28

                                5

DETERMINATION OF FINE AMOUNT

11.   The parties stipulate and agree that the amount of gain to defendant resulting from this offense is between $250,000 and $500,000.   Therefore, pursuant to U.S.S.G. § 5E1.2, Application Note 4, the parties agree to recommend an upward departure for the purpose of the Court's determination of an appropriate fine in this matter.   The parties stipulate and agree that defendant has the ability to pay a fine in the amount of $166,882.00 within ten days of entry of judgment in this matter.   The parties further stipulate and agree that $166,882.00 is the appropriate fine pursuant to U.S.S.G. § 5E1.2 and 18 U.S.C. § 3553.

12.   There is no agreement as to defendant's criminal history or criminal history category.

13.   The stipulations in this agreement do not bind either the United States Probation Office or the Court.   Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's sentencing guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 10 are consistent with the facts of this case.

DEFENDANT'S OBLIGATIONS

14.   Defendant agrees that he will:

a) Plead guilty as set forth in this agreement.

b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

c) Not knowingly and willfully fail to: (i) appear as ordered for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay.

g) To recommend that the Court sentence him to a one year period of probation under the following terms and conditions:

(1) That he pay a fine in the amount of $166,882.00 within ten days of entry of judgment in this matter.

(2) That the defendant agrees to immediately apply the $66,882 previously seized by and in possession of the government to the fine payment, whereby defendant's remaining fine obligation shall be $100,000.

(3) That upon complete payment of the fine, defendant's remaining probationary period shall be unsupervised and without any reporting requirements.

<u>THE USAO'S OBLIGATIONS</u>

15. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

a) To abide by all sentencing stipulations contained in

this agreement.

        b) Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not to further prosecute defendant for violations of federal law, including the United States Food and Drug Act, arising out of defendant's conduct described in the stipulated factual basis set forth in paragraph 7 above.  Defendant understands that the USAO is free to prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.  Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors.

        c) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

        d) To recommend that defendant be sentenced at the low end of the applicable Sentencing Guidelines range provided that the total offense level as calculated by the Court is 4 or higher and provided that the Court does not depart downward in offense level or criminal history category (except pursuant to, and to

the extent requested in, a motion by the USAO for a downward departure under U.S.S.G. § 5K1.1).

e) To recommend that defendant be sentenced to a one year period of probation under the following terms and conditions:

(1) That defendant pay a fine in the amount of $166,882.00 within ten days of entry of judgment in this matter.

(2) That the defendant agrees to immediately apply the $66,882 previously seized by and in possession of the government to the fine payment, whereby defendant's remaining fine obligation shall be $100,000.

(3) That upon complete payment of the fine, defendant's remaining probationary period shall be unsupervised and without any reporting requirements.

BREACH OF AGREEMENT

16.   If defendant, at any time between the execution of this agreement and defendant's sentencing on a non-custodial sentence or surrender for service on a custodial sentence, whichever is later, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, defendant will not be able to withdraw defendant's guilty plea, and the USAO will be relieved of all of its obligations under this agreement.  In particular:

a)   The USAO will no longer be bound by any agreements concerning sentencing and will be free to seek any sentence up to the statutory maximum for the crime to which defendant has

9

1   pleaded guilty.

2        b)   The USAO will no longer be bound by any agreements
3   regarding criminal prosecution, and will be free to prosecute
4   defendant for any crime, including charges that the USAO would
5   otherwise have been obligated not to prosecute pursuant to this
6   agreement.

7        17.   Following a knowing and willful breach of this
8   agreement by defendant, should the USAO elect to pursue any
9   charge or any civil or administrative action that was dismissed
10  or not filed as a result of this agreement, then:

11       a) Defendant agrees that any applicable statute of
12  limitations is tolled between the date of defendant's signing of
13  this agreement and the commencement of any such prosecution or
14  action.

15       b) Defendant gives up all defenses based on the statute
16  of limitations, any claim of preindictment delay, or any speedy
17  trial claim with respect to any such prosecution or action,
18  except to the extent that such defenses existed as of the date of
19  defendant's signing of this agreement.

20       LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

21       18.   Defendant gives up the right to appeal any sentence
22  imposed by the Court, and the manner in which the sentence is
23  determined, provided that (a) the sentence is within the
24  statutory maximum specified above and is constitutional, (b) the
25  Court in determining the applicable guideline range does not
26  depart upward in offense level or criminal history category and
27  determines that the total offense level is 4 or below, and (c)
28  the Court imposes a sentence within or below the range

10

corresponding to the determined total offense level and criminal history category.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or a explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Notwithstanding the foregoing, defendant retains the ability to appeal the conditions of probation imposed by the court, with the exception of the following: standard conditions set forth in district court General Orders 318 and 01-05; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7)

19.  The USAO gives up its right to appeal the Court's sentence, provided that (a) the Court in determining the applicable guideline range does not depart downward in offense level or criminal history category (except by a downward departure in offense level pursuant to, and to the extent requested by, the USAO in a motion under U.S.S.G. § 5K1.1), (b) the Court determines that the total offense level is 4  or above prior to any departure under U.S.S.G. § 5K1.1, and (c) the Court imposes a sentence within or above the range corresponding to the determined total offense level (after any downward departure under U.S.S.G. § 5K1.1) and criminal history category.

## COURT NOT A PARTY

20.  The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the

11

parties' stipulations.  Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  No one – not the prosecutor, defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

21.  Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel.  Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

22.  The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

GEORGE S. CARDONA
Acting United States Attorney

12

JOSEPH O. JOHNS                                    1-14-10
Assistant United States Attorney                   Date

     I have read this agreement and carefully discussed every
part of it with my attorney. **This agreement has been read to me
in KOREAN, the language I understand best, and I have carefully
discussed every part of it with my attorney.** I understand the
terms of this agreement, and I voluntarily agree to those terms.
My attorney has advised me of my rights, of possible defenses, of
the Sentencing Guideline provisions, and of the consequences of
entering into this agreement. No promises or inducements have
been made to me other than those contained in this agreement. No
one has threatened or forced me in any way to enter into this
agreement. Finally, I am satisfied with the representation of my
attorney in this matter.

JUN SANG KIM                                       1-13-10
Defendant                                          Date

     I, _Kathy Sim_, am fluent in written and spoken
English and Korean languages. I accurately translated this
entire agreement from English into Korean to defendant JUN SANG
KIM on this date.

Interpreter                                        1/13/10
                                                   Date

13

1

2      I am Jun Sang Kim's attorney.  I have carefully discussed

3  every part of this agreement with my client.  Further, I have

4  fully advised my client of his rights, of possible defenses, of

5  the Sentencing Guidelines' provisions, and of the consequences of

6  entering into this agreement.  To my knowledge, my client's

7  decision to enter into this agreement is an informed and

8  voluntary one.

9

10  _____        _____1/13/10_____

11  DAVID I. PAEK                   Date

12  Counsel for Defendant

13  Jun Sang Kim

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14